14-401-cv
*Wooten-Francis v. NYC Department of Education/Board of Education*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of October, two thousand fifteen.

PRESENT:
> CHESTER J. STRAUB,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

Anita V. Wooten-Francis,

> *Plaintiff-Appellant,*

v.                                                                                  14-401-cv

NYC Department of Education/Board of Education, et al.,

> *Defendants-Appellees.*

_____

1

**FOR PLAINTIFF-APPELLANT:**    Anita V. Wooten-Francis, *pro se*, Tobyhanna, Pennsylvania.

**FOR DEFENDANTS-APPELLEES:**    Pamela Seider Dolgow, Drake A. Colley, of counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anita V. Wooten-Francis, proceeding *pro se*, appeals the district court's grant of summary judgment to the Appellees on her claims of employment discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964; New York State Human Rights Law, New York Executive Law §§ 290-301; and New York City Human Rights Law, New York City Administrative Code §§ 8-101 to 8-703; and of violation of her right to due process under the Fourteenth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). As an initial matter, because Wooten-Francis does not challenge on appeal any of the grounds on which the district court granted the Appellees' motion for summary judgment, she has abandoned all relevant issues. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding, in the context of a *pro se* appeal, that issues not raised in an appellate brief are abandoned). Even if Wooten-Francis had preserved any issues for appeal, however, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment to the Appellees.

We have considered all of Wooten-Francis's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3